# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3925

_____

United States

*Appellee*

v.

Celen Zendejas

*Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas

_____

Submitted: June 10, 2013
Filed: June 14, 2013
[Unpublished]

_____

Before GRUENDER, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Celen Zendejas pleaded guilty to aiding and abetting the distribution of methamphetamine, *see* 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), and aiding and abetting money laundering, *see* 18 U.S.C. §§ 2, 1956(a)(1)(B)(i), the district court[1] added four

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

levels to his base offense level under the sentencing guidelines for organizing or leading a criminal activity that involved five or more participants, *see* U.S.S.G. § 3B1.1(a). Though the parties agree that the criminal activity here involved five or more people, Mr. Zendejas contends that the court should not have applied the enhancement because the evidence did not support a finding that he was a leader or an organizer.

We review for clear error the factual findings underlying a district court's imposition of an enhancement for a defendant's role in the offense, *United States v. Rosas*, 486 F.3d 374, 376 (8th Cir. 2007), and broadly construe the terms "organizer" and "leader," as used in U.S.S.G. § 3B1.1. *United States v. McDonald*, 521 F.3d 975, 978 (8th Cir. 2008). We reject, first of all, the contention that Mr. Zendejas could not be a leader or supervisor because he reported to superiors in Mexico, as a "defendant need not be *the* leader of an organization or lead all of the other participants in the activity in order to be a leader under § 3B1.1(a)," *United States v. Antillon-Castillo*, 319 F.3d 1058, 1060 (8th Cir. 2003) (emphasis in original) (internal quotation marks and citations omitted).

To determine whether a person is an organizer or leader of a criminal activity, the court should consider a number of "factors," including "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n.4); *see also United States v. Molina-Perez*, 595 F.3d 854, 862 (8th Cir. 2010).

Mr. Zendejas objected during sentencing only to the presentence investigation report's adjustment for being a leader or organizer, not to the facts the report contained supporting the adjustment, and we therefore accept those facts as true, *see*

*United States v. Rodriguez*, 711 F.3d 928, 939-40 (8th Cir. 2013). During a drug transaction, one of Mr. Zendejas's co-conspirators stated that Mr. Zendejas "expected all the money to be counted before ending transactions," thus illustrating Mr. Zendejas's "degree of control and authority exercised over others" and his "degree of participation in planning or organizing the offense," *see* U.S.S.G. § 3B1.1, comment. (n.4). Mr. Zendejas also demonstrated his control and authority over others when he told an undercover officer that he "would send one of his people to explain" how he conducted drug transactions and when he instructed co-conspirators to complete drug-trafficking tasks for him. He also took an organizational role in setting up transfers of the drug-trafficking proceeds from Arkansas to Mexico. And while "[i]n distinguishing a leadership and organizational role from one of mere management or supervision, titles such as 'kingpin' or 'boss' are not controlling," U.S.S.G. § 3B1.1, comment. (n.4), we think it highly relevant that several co-conspirators described Mr. Zendejas as having a leadership role in the conspiracy: Indeed, participants stated that Mr. Zendejas came to Arkansas to take over the organization after previous leaders were arrested.

We conclude therefore that the record amply supported the district court's application of the enhancement.

Affirmed.

_____

-3-